## FINK v. SPETNAGEL et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1638. Decided Nov. 3, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**273. CONDEMNATION PROCEEDINGS—708. Leasehold Estates—997. Real Estate.**

1. Where city appropriates real estate for city hall site, such real estate being incumbered by 99-year lease, which lease has been assigned and transferred, measure of compensation, to owner of fee, not determined by purchase option contained in lease.

2. Trial court at liberty to consider all evidence and all circumstances in determining amount of such allowance.

3. Compensation based upon valuation, to produce, on 6% basis, annual rental at time property was appropriated, held proper.

4. Compensation to lessee, based upon present worth of annual payments provided for in assignment to assignee of lease, held proper.

5. Compensation to assignees, based upon amount actually paid by them, held proper.

Error to Trial Court.
Judgment affirmed.

Barton Griffith and Phil S. Bradford, Columbus, for Fink.

Charles A. Leach, Columbus, for City of Columbus.

Booth, Keating, Pomerene & Boulger, Columbus, for Spetnagel et.

## STATEMENT OF FACTS.

The city of Columbus appropriated certain real estate for a city hall site The condemnation price was fixed at $100,000.00 and the amount has been paid into court.

Louis Fink was the owner in fee of the real estate appropriated, subject to a lease for 99 years, renewable forever. The 99 year lease was dated May 16, 1923, was executed by Louis Fink to Anthony J. Nelson and Wm. J. Petrakis as lessees, upon a rental basis of $3,750.00 annually for the first five years, $4,000 annually for the next five years and $4,250.00 thereafter. There was an option to purchase contained in the lease, authorizing the purchase, by the lessees of the premises, for $75,000.00, during the first five years, for $80,000.00 within the next five years, and thereafter at $85,-000.00. When the condemnation was had, the option price available was $75,000.00. Fink claims that $75,000.00 should be awarded to him. The trial court awarded $62,500.00. Nelson and Petrakis, on March 6, 1924, sold their leasehold to Spetnagel, Davis and Myers who assumed all obligations under the original lease and agreed to pay the original lessees, Nelson and Petrakis, the sum of $40,000.00 of which $3,450.00 was paid cash, and the balance was to be paid at the rate of $2,000.00 per year. The assignees of the lease had the option, however, to pay the entire $40,000.00 cash at any time.

Nelson and Petrakis ask that their interest be fixed at $40,000.00. They were awarded, by the court, $29,883.00.

Spetnagel, Davis and Myers made a claim as assignees of the 99 year lease and they were allowed, by the trial court, $7,617.00. These allowances by the trial court totalled $100,-000.00.

## BY THE COURT.

"Taking these up in the order stated, Fink's allowance of $62,500 is first to be reviewed. This allowance is challenged by Fink on the ground that the parties to the lease provided an option to purchase the premises at $75,-000.00 and that the amount of this option should be held as an agreed valuation, at least as between Fink and Nelson and Petrakis. We do not think this contention is sound or that the amount of the option to purchase should be conclusively adjudged as the valuation of the property.

The option to purchase, therefore, except for evidential purposes, fades from the picture. The trial court, therefore, was at liberty to consider all the evidence and all the circumstances in determining the amount to be allowed to Fink. The trial court probably based this valuation upon the basis of six per cent to produce the annual rental at the time the property was appropriated, and, upon a full consideration of the evidence, we cannot say that the allowance made in favor of Fink was contrary to the manifest weight of the evidence.

The finding in favor of Nelson and Petrakis was evidently based upon the present worth of the annual payments provided for in the assignment to Spetnagel, Davis and Myers. While there was a provision in this assignment for the payment of $40,000.00 by Spetnagel, Davis and Myers, at any time, at their election, yet the obligatory provision only required them to pay the $40,000.00 in installments of $2,000.00 per year during the period necessary to extinguish the total amount provided for. The trial court evidently took the present worth of the $40,000.00 payments and fixed the present value thereof at $29,883.00. We are of the opinion that this finding was not contrary to the weight of the evidence and should be sustained.

The finding of $7,617.00 in favor of Spetnagel, Davis and Myers, made by the trial court, was evidently based upon the amounts actually paid by them and should be sustained.

Counsel for Fink insist that the condemnation fund of $100,000, should be impounded for the benefit of Fink and the lessees. Even if the prayer was broad enough to raise the question of impounding the entire fund, we are of the opinion that the trial court had discretion to fix the present value of Fink's interest and make an allowance accordingly. We are, therefore, of the opinion that there was no error in making a lump sum allowance. The appropriation of the real estate by the city, under its right of eminent domain, would naturally put an end to the leases, leaving to the interested parties the right to compensation and damages. We have carefully considered all the questions presented by counsel for the various parties in oral argument and in the briefs and we have reached the conclusion that there is no prejudicial error in the judgment of the trial court upon the various issues presented and that said judgment should be affirmed."

(Ferneding, Kunkle and Allread, JJ., concur.)